# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

    Plaintiff,

v.                                                       Case No. 3:25-cv-361-MMH-MCR

AMANDA LOVE GARDNER, et al.,

    Defendants.
_____

## **O R D E R**

**THIS CAUSE** is before the Court <u>sua sponte</u>. On April 3, 2025, Plaintiff, Progressive Express Insurance Company (Progressive), initiated this action by filing a three-count Complaint for Declaratory Judgment (Doc. 1; Complaint) against Defendants Amanda Gardner, J&C Pilot/Escort, LLC, Daniel Kelley, and Rountree Transport & Rigging, Inc. (Defendants). In the Complaint, Progressive seeks declaratory judgments under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to establish that it has no duty to defend or indemnify the non-Gardner Defendants in an underlying state court action arising out of a car crash. <u>See generally</u> Complaint.[1] To support this Court's

---

[1] Defendant Gardner is the plaintiff in the underlying state court action; the non-Gardner Defendants are defendants in that action. <u>See generally</u> Exhibit C (Doc. 1-3; State Complaint), filed April 3, 2025.

exercise of subject matter jurisdiction over this action, Progressive invokes 28 U.S.C. § 1332(a)(1), the diversity statute. See Complaint ¶ 6.[2] Upon review of the Complaint, however, the Court is unable to determine whether §1332(a)(1)'s amount in controversy requirement is met, and accordingly, the Court is unsure whether it can exercise subject matter jurisdiction. Accordingly, the Court will direct Progressive to file supplemental documentation demonstrating that the amount in controversy requirement is met.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2)

---

[2] In relevant part, 28 U.S.C. § 1332(a) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]"

federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

"An action under the Declaratory Judgment Act, 'does not, of itself, confer jurisdiction upon the federal courts'; therefore, 'a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question.'" Sellers v. Nationwide Mut. Fire Ins. Co., 968 F.3d 1267, 1273 (11th Cir. 2020) (quoting Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989)). When a party invokes diversity jurisdiction for a declaratory judgment action, the amount in controversy is "the value of the object of the litigation" to the plaintiff. Ericsson GE Mobile Comms., Inc. v. Motorola Comms. and Elecs., Inc., 120 F.3d 216, 218–220 (11th Cir. 1997).

In this action, Progressive seeks to avoid spending money defending the non-Gardner Defendants in the underlying state court action. See Complaint ¶¶ 44, 55, 65. But Progressive gives no information as to the potential cost of providing those defenses. See generally id. As such, the Court cannot determine what the value to Progressive would be of a declaration that it is not obligated to provide the defenses. Without that information, the Court cannot determine whether the amount in controversy in this action exceeds $75,000. See 28 U.S.C.

§ 1332(a)(1); see also Sullivan v. Everett Cash Mut. Ins. Co., No. 19-11943, 2023 WL 1521579 (11th Cir. Feb. 3, 2023); Four Season Trucking Inc. v. Grange Mut. Cas. Co., No. 23-12013, 2024 WL 1635692, at *2 (11th Cir. Apr. 16, 2024) ("The question presented in this declaratory judgment action is whether there is a duty to defend … . Thus, the amount in controversy is determined by the value of the total cost of the defense of the [underlying personal injury] case[.]"). To the extent Progressive believes that the potential costs of indemnification can also help meet the amount in controversy requirement, see Complaint ¶¶ 44, 55, 65 (Progressive's contention that it is not obligated to indemnify Defendants), Progressive may also file documentation identifying those costs. However, the potential costs of defense and indemnification must be identified separately. See Sullivan, 2023 WL 1521579, at *4 ("[I]n this circuit, a declaratory judgment claim with respect to indemnification is generally not ripe until (and if) the insured has been held liable to a third party.").[3]

---

[3] Even assuming the Court can consider potential indemnification costs when determining the amount in controversy, the State Complaint does not provide enough information for the Court to determine Progressive's potential indemnification liability. See generally State Complaint. The State Complaint merely states that the amount in controversy exceeds $50,000. See id. ¶ 1.

- 4 -

Accordingly, it is

**ORDERED:**

On or before **April 29, 2025**, Progressive shall file additional documentation to support this Court's exercise of subject matter jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of April, 2025.

_____
MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of Record